JOHN H. GREEN, APPELLEE, V. MARIA HELLMAN ET AL., APPELLANTS.

FILED JUNE 5, 1901. No. 9,415.

1. **Purchaser at Tax Sale Must Pay Treasurer Forthwith.** By section 111, article 1, chapter 77, Compiled Statutes, a purchaser of real estate at a tax sale is required forthwith to pay to the treasurer the amount of his bid, and on failure so to do the property shall at once again be offered as if there had been no sale.

2. **Failure of Treasurer to Comply With Statute Does Not Invalidate Tax.** The failure of the treasurer to observe said section of the statutes by offering the lands for sale will not invalidate the taxes thereon.

3. **Subrogation.** A purchaser of lands at an invalid tax sale is subrogated to the rights of the county.

4. **Indorsement, Certificate.** A tax certificate may be assigned by indorsement.

5 **Rights, Assignee.** An assignee of a tax certificate acquires all the rights thereunder of the assignor.

APPEAL from the district court for Douglas county. Heard below before KEYSOR, J. *Affirmed.*

*Connell & Ives,* for appellants.

*E. C. Wolcott* and *I. L. McCloud, contra.*

NORVAL, C. J.

This is an appeal from a decree foreclosing a tax certificate, by Maria Hellman in her own right and as executrix of the last will and testament of Myer Hellman, her deceased husband. The lots in controversy are situated in the city of Omaha and were sold by the county treasurer of Douglas county on November 19, 1892, at public sale for the taxes due thereon. One A. F. Connett was the purchaser at said sale. The county treasurer required contemplating purchasers at tax sales to make a money deposit prior to the sale to be applied on their bids, which requirement Mr. Connett complied with. He did not make any payment on his bid until April 10, 1893, when the tax certificate was issued of the date of the sale. Subsequently said county and city taxes were paid on the lots under the certificate of sale, the receipts therefor being made out in the name of I. L. McCloud or McCloud & Connett. The First National Bank of Omaha claimed to be the owner of the tax certificate and tax receipts which it set up in a cross-petition, and the bank was by the decree awarded a lien for the amount of the tax certificate and taxes paid thereunder as aforesaid, with interest.

The first contention of appellant is that the tax sale to

Connett is absolutely void, and no right of subrogation exists thereunder because the purchaser did not pay the amount of the bid until several months after the date of the sale. Section 111, article 1, chapter 77, Compiled Statutes, provides that the person purchasing real estate at a tax sale "shall forthwith pay to the treasurer the amount of taxes and costs charged thereon, and on failure to do so, the said parcel shall at once again be offered as if no such sale had been made." It is the duty of a purchaser at a sale of real estate for taxes to immediately pay the treasurer the amount of his bid, and if he did not do so, the property is again offered as if there had been no sale. The failure, however, of the county treasurer to comply with the foregoing provision by offering the lands again for sale did not invalidate the taxes. *Henderson v. Hughes County*, 83 N. W. Rep. [S. Dak.], 682. For the purpose of the case we will assume that the sale to Connett was rendered invalid by his failure to forthwith pay to the treasurer the amount of his bid; nevertheless, by the subsequent payment of the amount and the issuance of the certificate of sale Connett became subrogated to the rights of the county and is entitled to enforce a lien against the lots for the amount of the taxes paid and interest. To this doctrine this court is thoroughly committed. *Dillon v. Merriam*, 22 Nebr., 151; *Stegeman v. Faulkner*, 42 Nebr., 53; *Adams v. Osgood*, 42 Nebr., 450; *Medland v. Linton*, 60 Nebr., 249.

It is insisted that the payment of the 1892 county and city taxes and the 1893 city taxes was purely voluntary and no recovery can be had therefor. The county taxes for 1892 and the city taxes for 1893 were paid in the name of I. L. McCloud, and the city taxes for 1892 in the firm name of McCloud & Connett. The record shows that the tax purchaser and I. L. McCloud were partners, engaged in making loans, purchasing property at tax sales, etc.; that through inadventure the subsequent payment of taxes was made in the name of one or the other of the parties. The undisputed evidence shows that the payment

of the taxes in question was made under the original certificate issued to Connett.

Objection is made that the bank can not recover because there is no assignment of the tax certificate by Connett. The certificate and some of the tax receipts contain this indorsement, "Without recourse A. F. Connett." But it is said there is no proof by whom the same were written. These assignments were received in evidence without objection, and it is now too late to insist that they were not in the handwriting of Mr. Connett, the tax purchaser. The tax certificate was assigned in compliance with section 117, article 1, chapter 77, Compiled Statutes, which provides that "the certificate of purchase shall be assignable by endorsement, and an assignment thereof shall vest in the assignee, or his legal representative, all the right and title of the original purchaser." The certificate of purchase and the tax receipts were produced on the trial by the bank, which was evidence of their delivery. Two of the tax receipts were not formally assigned, but the assignment of the tax certificate transferred to the assignee all the rights of the assignor, including those arising from taxes paid by him subsequent to the tax sale.

There is no error in the decree, and it is hereby

AFFIRMED.